**E-FILED**
Wednesday, 14 November, 2007  02:45:14 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| JOHN B. GOSTICH and<br>MARY LOU GOSTICH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROCK ISLAND INTEGRATED<br>SERVICES, | ) | |
| | ) | |
| Defendant, | ) | Case No. 07-4057 |
| | ) | |
| ———————————————— | ) | |
| | ) | |
| ROCK ISLAND INTEGRATED<br>SERVICES, | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES ARMY GARRISON -<br>ROCK ISLAND ARSENAL and<br>SCHMIDT ASSOCIATES INC., | ) | |
| | ) | |
| Third Party Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Third Party Defendant United States Army Garrison – Rock Island Arsenal's Motion to Dismiss Third Party Plaintiff Rock Island Integrated Service's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and Plaintiffs John and Mary Lou Gostich's Motion to Remand.  For the reasons set forth

below, the Motion to Dismiss [#3] is GRANTED WITHOUT PREJUDICE, and the Motion

to Remand [#6] is DENIED.

## BACKGROUND

In February 2006, Plaintiffs John and Mary Gostich, residents of Ohio, brought

this negligence action in the Circuit Court of the Fourteenth Judicial Circuit of Rock

Island County, Illinois, against Defendant Rock Island Integrated Services (RIIS), a

resident of Illinois.  The Gostiches allege that John Gostich was injured when he fell

through a hole in a catwalk located at the Rock Island Arsenal, and the Gostiches allege

Mary Gostich suffered damages from the loss of her husband's consortium and

household services.  The Gostiches contend that RIIS contracted with the United States

Army Garrison – Rock Island Arsenal (RIA) to operate, inspect, repair, and maintain the

catwalk from which John Gostich fell.

On October 11, 2006, RIIS filed a Notice of Removal to Federal Court based on

diversity jurisdiction.  On December 8, 2006, District Judge Joe Billy McDade granted

the Gostiches' Motion to Remand and remanded the case to state court because the

Notice of Removal was untimely.  *Gostich v. Rock Island Integrated Serv.*, No. 06-cv-

4068 (C.D. Ill. Dec. 8, 2006).

On May 14, 2007, RIIS filed a Third Party Complaint for contribution against RIA

and Schmidt Associates, Inc. (Schmidt), John Gostich's employer at the time of the

incident.  RIIS alleges that RIA failed to operate, inspect, repair, and maintain the

catwalk from which John Gostich fell.  RIIS seeks pro rata contribution from RIA for any

damages awarded to the Gostiches pursuant to the Illinois Contribution Among Joint

Tortfeasors Act.

2

After receiving notice of the Third Party Complaint on August 27, 2007, RIA, on September 14, 2007, filed a Notice of Removal pursuant to 28 U.S.C. § 1442(a)(1), asserting that RIA is an agency of the United States sued in its official capacity.

On September 25, 2007, RIA filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that under the derivative jurisdiction doctrine, the Court lacks subject matter jurisdiction because the state court lacked jurisdiction over a tort contribution claim filed against a federal agency.  On October 12, 2007, the Gostiches filed a Motion to Remand contingent upon the dismissal of RIA from this action.  The matter now is fully briefed, and this Order follows.

## DISCUSSION

**A.     Motion to Dismiss**

      **1.      Removal**

Any suit filed in a state court against the United States or any agency thereof is removable to federal district court.  28 U.S.C. § 1442(a)(1).  When the United States or any agency thereof is named as a defendant, the entire case is removable even though only one of the controversies involves a federal agency.  *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 844 (S.D. Ill. 2006); *see also Lepucki v. Van Wormer*, 765 F.2d 86, 89 (7th Cir. 1985) ("Moveover, where a defendant can properly remove one count in a complaint, he or she can remove the entire action, including pendent state law claims.").

RIA, an agency of the United States, removed the entire action after RIIS filed a claim against it for contribution.  Therefore, the removal of this entire case was proper, and this case properly is before the Court.

3

## 2.    Lack of State Court Jurisdiction

The United States, as a sovereign, cannot be sued unless it consents to be sued. *U.S. v. Testan*, 424 U.S. 392, 399, 96 S. Ct. 948 (1976); *Macklin v. U.S.*, 300 F.3d 814, 820 (7th Cir. 2002).  This consent is expressed by Acts of Congress.  *Testan*, 424 U.S. at 399, 96 S. Ct. 948.

RIIS filed its Third Party Complaint against RIA for contribution under the Illinois Contribution Among Tortfeasors Act, 740 ILCS 100/2 *et seq.*  An Illinois statute is not a waiver of federal sovereign immunity.

Congress has waived sovereign immunity for negligent tort actions against the United States brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (FTCA). Congress has waived sovereign immunity for:

> money damages, . . . , for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  This waiver extends to suits for contribution brought either in separate proceedings or as a third party claim against the United States.  *U.S. v. Yellow Cab Co.*, 340 U.S. 543, 556-57, 71 S. Ct. 399 (1951).  The FTCA, however, states that United States district courts "shall have exclusive jurisdiction of civil actions on claims against the United States."  28 U.S.C. § 1346(b)(1).

Because RIIS's claim for contribution against RIA is a tort claim against a federal agency, only United States district courts have jurisdiction over that claim.  Therefore,

4

the state court in which the Third Party Complaint was filed did not have subject matter jurisdiction.

### 3.       Derivative Jurisdiction Doctrine

The derivative jurisdiction doctrine has a long and controversial history in the federal courts.  In *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.*, 258 U.S. 377, 42 S. Ct. 349 (1922), the Supreme Court stated that:

> The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.  If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.

*Id.* at 382, 42 S. Ct. 232; *see also Minnesota v. United States*, 305 U.S. 382, 389, 59 S. Ct. 292 (1939); *Arizona v. Manypenny*, 451 U.S. 232, 243 n.17, 101 S. Ct. 1657 (1981); *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994).  Applying this doctrine can result in the dismissal of removed actions over which the federal court had exclusive jurisdiction because the state court in which the action was filed lacked jurisdiction.  *See, e.g.*, *Lambert Run Coal*, 258 U.S. 377, 42 S. Ct. 349 (dismissing removed action based on violation of Interstate Commerce Commission rule because federal courts have exclusive jurisdiction over such suits); *Minnesota v. United States*, 305 U.S. 382, 59 S. Ct. 292 (dismissing removed action involving tribal lands over which federal courts have exclusive jurisdiction).

This doctrine has been criticized by courts and commentators because its application produces anomalous and sometimes undesirable results.  *See* 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3722, at 480 (3d ed. 1998); *see, e.g.*, *Washington v. Am. League of Prof'l Baseball*

*Clubs*, 460 F.2d 654, 658-59 (9th Cir. 1972) (describing the derivative jurisdiction

doctrine as "the kind of legal *tour de force* that most laymen cannot understand,

particularly in a case where the federal court not only has subject matter jurisdiction, but

has exclusive subject matter jurisdiction"); *Welsh v. Cunard Lines, Ltd.*, 595 F. Supp.

844, 846 (D. Ariz. 1984) (calling the doctrine "an archaic concept that impedes justice"

and "out of tune with the federal rules").

Derivative jurisdiction was eliminated for cases removed under 28 U.S.C. § 1441

by Congress pursuant to 28 U.S.C. § 1441(f), first adopted in a different form in 1985.[1]

The 1985 amendment, codified at 28 U.S.C. § 1441(e), stated that:

> The court to which such civil action is removed is not precluded
> from hearing and determining any claim in such civil action because
> the State court from which such civil action is removed did not have
> jurisdiction over that claim.

Judicial Improvements Act, Pub. L. 99-336 § 3, 100 Stat. 633.  The 2002 amendment, in

addition to renumbering the section, added the words "under this section."  Multiparty,

Multiforum Trial Jurisdiction Act of 2002, Pub. L. 107-273 § 11020, 116 Stat. 1757, 1827

(emphasis added).  The current version of the section reads in full:

> The court to which a civil action is removed under this section is not
> precluded from hearing and determining any claim in such civil
> action because the State court from which such civil action is
> removed did not have jurisdiction over that claim.

28 U.S.C. § 1441(f).  This change, adding more precise language, demonstrates that

Congress intended to abrogate the derivative jurisdiction doctrine with respect to only

removals under section 1441.

---

[1] Judicial Improvements Act of 1985, Pub. L. 99-336 § 3, 100 Stat. 633.  The amendment eliminating derivative jurisdiction for cases removed under section 1441 was first codified at 28 U.S.C. § 1441(e) and was amended and recodified at 28 U.S.C. § 1441(f) in 2002.  Decisions prior to 2002 refer to 28 U.S.C. § 1441(e).

Accordingly, following the 1985 and 2002 amendments to section 1441, other district courts in this circuit have found that derivative jurisdiction continues to be the rule under the other removal provisions.  *See Dunne v. Hunt*, No. 06-C-170, 2006 WL 1371445, at *4 (N.D. Ill. May 16, 2006) (removal pursuant to 28 U.S.C. § 1442); *Sutcliff v. Potter*, No. Civ. 1:05CV425, 2006 WL 752574, *1-2 (N.D. Ind. Mar. 21, 2006) (same); *McCarter v. John Hancock Ctr.*, No. 02-C-6121, 2002 WL 31875470, at *3 (N.D. Ill. Dec. 26, 2002) (same).

The Court of Appeals for the Seventh Circuit has not addressed the continued viability of the derivative jurisdiction since the 2002 amendments, but that court in *Edwards v. United States Department of Justice*, 43 F.3d 312, decided after the 1985 amendment (although not directly addressing the 1985 amendment), applied the derivative jurisdiction doctrine to quash the enforcement of subpoenas issued in state court.

RIIS attempts to distinguish *Edwards* from the present case, arguing that a jurisdiction question involving state subpoenas for federal documents is different from state law claims against a federal agency.  However, both *Edwards* and the present case were removed pursuant to the same statute, 28 U.S.C. § 1442(a).  Also, like the subpoenas issued in *Edwards* by a state court without jurisdiction, RIIS filed its claim against RIA in state court even though the FTCA grants exclusive jurisdiction to the federal courts.  28 U.S.C. § 1346.

RIIS cites *North Dakota v. Fredericks*, 940 F.2d 333 (8th Cir. 1991), in support of its argument that the derivative jurisdiction doctrine has been abolished for all removals to federal court.  The *Fredericks* court reasoned that extending Congress's abrogation

7

of the derivative jurisdiction doctrine for removals under section 1441 to all removals, thus completely abolishing that doctrine, was "within the spirit" of Congress's amendment. *Id.* at 337. The *Fredericks* court also highlights the counter-productive nature of this doctrine stating that its application may result in a federal court refusing to entertain a case over which only it has jurisdiction. *Id.* at 336. The court questioned the efficiency of applying the doctrine stating that "[p]resumably, the plaintiff then refiles in federal court, or you, as defendant, file suit for declaratory judgment in that court, so in the end the federal court will decide the dispute." *Id.* These statements are consistent with RIIS's arguments. The Court cannot disagree with that logic, and RIIS argues that it intends to refile the claim in federal court, for which it argues the statute of limitations has not yet run, if the Court dismisses the removed claim. What RIIS ignores, however, is that *Fredericks* was decided before the 2002 amendment, which explicitly limits the abrogation of the derivative jurisdiction doctrine to removals only under section 1441.

Although the Court agrees that the result of applying the derivative jurisdiction doctrine is somewhat nonsensical and contrary to the policy behind the Federal Rules of excusing procedural missteps to reach substantive claims, this Court cannot subvert established precedent and clear statutory language. The FTCA grants exclusive jurisdiction to the federal district courts for RIIS's claim for contribution against RIA. Accordingly, the state court had no jurisdiction over this claim when it was filed in state court. Because the derivative jurisdiction doctrine continues to apply to cases removed pursuant to 28 U.S.C. § 1442, the federal court lacks jurisdiction over this claim because the state court lacked subject matter jurisdiction. Therefore, RIIS's third-party

claim against RIA must be dismissed because this Court lacks subject matter jurisdiction.

**B.      Motion to Remand**

Assuming that the Court should dismiss RIA from the case, the Gostiches filed a Motion to Remand the case arguing that the Court lacks subject matter jurisdiction over the case.  Their argument is that RIA removed the action because 28 U.S.C. § 1346 grants subject matter jurisdiction to the federal district courts when the United States is a defendant, and once RIA is dismissed, there is no federal jurisdiction for the remainder of the case.

The Court must remand a case if it appears the Court lacks subject matter jurisdiction at any time before final judgment.  28 U.S.C. § 1447(c).

The Gostiches correctly argue that this case involves no federal question after the Court dismisses RIA because the Gostiches' claim against RIIS, and RIIS's claim for contribution against Schmidt Associates, are state tort law claims.  The Gostiches also argue that the Court lacks diversity jurisdiction because RIIS's previous removal based on diversity jurisdiction was remanded as untimely.  However, this argument confuses the actual jurisdiction of the Court with the procedural issue addressed in the previous remand.

The Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different states."  28 U.S.C. § 1332(a).  "[T]here must be complete diversity between all the plaintiffs and all the defendants."  *Kauth v. Hartford Ins. Co. of Ill.*, 852 F.2d 951, 958 (7th Cir. 1988) (*citing Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).  The

9

parties do not dispute that there is complete diversity between the Gostiches and RIIS. The Gostiches are citizens of Ohio, and RIIS is a joint venture partnership with its principal place of business in Illinois.  The parties also do not dispute that the amount in controversy exceeds $75,000.  Accordingly, this Court has diversity jurisdiction over the Gostiches' claims against RIIS.

The Gostiches argue that there is a lack of complete diversity because they are not completely diverse from Third Party Defendant Schmidt, a corporation with its principal place of business in Ohio.  However, this third party claim is before the Court under pendant or ancillary jurisdiction, and the Gostiches have not filed a claim against Schmidt that destroys diversity.  RIIS could bring its claim against Schmidt in a separate action based on diversity jurisdiction.  Therefore, in the interests of judicial economy, RIIS may maintain its claim against Schmidt in this case.

Because this case involves a claim in excess of $75,000 and involves diverse parties, the Court has subject matter jurisdiction, and it is inappropriate for the Court to remand this case.

**CONCLUSION**

For the reasons set forth herein, the Motion to Dismiss [#3] is GRANTED WITHOUT PREJUDICE, and the Motion to Remand [#6] is DENIED.  This matter is referred to Magistrate Judge Gorman for a Rule 16 conference.

Additionally, the Court directs RIIS to file its claim against RIA pursuant to the FTCA within twenty-one days of this order.

10

ENTERED this 14th day of November, 2007.


                                        /s/ Michael M. Mihm
                                        Michael M. Mihm
                                        United States District Judge