UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| John B. Gostich and Mary Lou Gostich,        )<br>                                  Plaintiffs        )<br>                                                      )<br>         v.                                                )<br>                                                      )<br>Rock Island Integrated Services, and the   )<br>United States of America,                       )<br>                                  Defendant      ) | Case No. 07-4057 |

**ORDER**

Now before the Court are two motions to reconsider (#97 and #98) filed by Defendant Rock Island Integrated Services. The motions are fully briefed. As explained below, the motions are DENIED.

To understand these motions and the rulings thereon, it is necessary to recite some of the procedural history of this case, which is now over 3 years old and set for trial on January 4, 2011.

On June 7, 2010, this Court set August 4 as the deadline for filing of motions in limine; response were due on August 11. These deadlines were carefully chosen: the final pretrial conference was set for August 19, and the Court wanted rulings on all motions in limine by the time that conference was held. Plaintiffs and the United States timely filed motions and responses. RIIS did not; a response to Plaintiffs First Motion in Limine was not filed until August 12. No other responses to other Motions in Limine were filed by RIIS.

The June 7 Order also directed the parties to file a proposed pretrial order by August 11, 2010. Plaintiffs and the United States conferred and prepared a pretrial order. RIIS did not participate in the conference, and they did not contact Plaintiffs until nearly close of business on August 11, at which time they suggested a "multitude of proposed changes." Those changes could

not be incorporated into a final version at the last minute, so Plaintiffs and the United States filed one version of a pretrial order, while RIIS tried to file a separate version. They were not successful in filing until August 12.

On August 18, 2010 - one full week after the deadline for filing motions in limine - RIIS filed a document as a Proposed Finding of Fact. This document was in reality a 30 plus part Motion in Limine. Because RIIS had mis-docketed the document, it was stricken. RIIS then refiled the document as a motion in limine on August 19.

On August 19, the final pretrial conference commenced as scheduled. The conference was not completed, however, because there was no agreed final pretrial order. The parties were ordered to file an agreed final pretrial order with all exhibits by November 12. The trial was continued from September 8 to January 4, 2011. In addition, the Court specifically ordered that no further motions be filed.

On August 20, 2010, an Order (#92) was entered, ruling on all pending motions in limine. As is pertinent here, this Order struck RIIS's late-filed motion in limine. The Order also granted one of Plaintiffs' motions in limine, barring testimony by RIIS' expert witness, James Stanley. As noted above, RIIS had not responded to that motion in limine. Pursuant to CDIL Local Rule 7.1, the Court therefore presumed there was no opposition and ruled without further notice to the parties.

Two months after that August 20 Order was entered, RIIS filed these two motions to reconsider. In one, RIIS asks the Court to change its ruling that barred James Stanley's testimony. In the other, RIIS asks the Court to vacate its striking of the late filed motion in limine and issue a substantive ruling.

Both motions are denied. "Motions for reconsideration do not provide a vehicle for a party to introduce new ... legal theories that could have been presented earlier." Caisse Nationale de Credit

Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir.1996), quoted in Jolly Group, Ltd. v. Medline Industries, Inc., 435 F.3d 717, 720 (7th Cir.2006). See also, Bank of Waunakee v. Rochester Cheese Sales, 906 F.2d 1185, 1191 (7th Cir. 1990)(motion to reconsider proper where the Court has misunderstood a party or where the controlling law or facts changes since the issue was submitted).

RIIS is not a misunderstood party, and neither the law nor the facts have changed. The issues that were raised with respect to the Plaintiffs' expert witness were properly before the Court at the time it ruled, and RIIS has no one but itself to blame for not responding to those issues. Nor is anyone else to blame for the failure to raise issues in a timely filed motion in limine. In fact, neither motion provides any explanation for the failure to comply with deadlines.

District courts possess great authority to manage their caseload. United States v. Reed, 2 F.3d 1441 (7th Cir. 1993), cert. denied, 510 U.S. 1079 (1994). A trial court certainly has discretion when considering an untimely motion. United States v. Hamm, 786 F.2d 804, 806-07 (7th Cir. 1986).

In the exercise of my discretion, I decline to reconsider either Order. Both motions to reconsider are based on RIIS' own failure to abide by deadlines that were clearly set - either by Orders or Rules of this Court. At no time has RIIS asked for an extension of time. No explanation for the 2 month delay in filing these motions has been provided. This three year old case is set for a 9 day trial in less than 2 months. The motions to reconsider are DENIED.

ENTERED ON November 12, 2010

                             s/ John A. Gorman

                     JOHN A. GORMAN
                     UNITED STATES MAGISTRATE JUDGE