E-FILED
Tuesday, 21 December, 2010  01:57:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| John and Mary Lou Gostich,<br>   Plaintiffs<br><br>   v.<br><br>Rock Island Integrated Services and the<br>United States of America,<br>   Defendants | Case No. 07-4057 |

**ORDER**

Now before the Court is the Plaintiffs' motion (#135) to strike two affirmative defenses of the United States of America. The motion is fully briefed[1] and I have carefully considered the parties' arguments.

At the final pretrial conference held in November, the parties were directed to re-file their various complaints, counter- and cross-claims, and answers, because unified documents were missing. The USA filed its answer to the Plaintiffs' complaint. Shortly thereafter, the USA filed a Motion to allow filing of corrected answer.     The motion for leave to correct the answer was granted on December 14, 2010, and the corrected answer was filed (#132) on that same date.

Plaintiffs then filed the instant motion to strike (#135) two affirmative defenses that were included in the corrected answer filed by the USA. The two affirmative defenses, numbered 3 and 11, read as follows:

> 3. As a separate and complete defense hereto, and waiving none of the other defenses herein, it is affirmatively alleged the United States in 2003 and at all times relevant to this action had relinquished possession and control over the relevant portions of this facility to the general contractor, and at all times relevant to this litigation, defendant Rock Island Integrated Services was the general contractor contractually responsible for the care,

---

[1]Defendant RIIS has declined to respond, as the issue raised does not affect RIIS.

maintenance and safety of this facility.

11. As a separate and complete defense hereto, and waiving none of the other defenses herein, it is affirmatively alleged the United States contracted the responsibility to operate, maintain, inspect and repair all parts of Building 227,including the catwalk, to its independent contractor RIIS and did not retain any responsibility for the inspection, maintenance or repair of that building.

According to Plaintiffs, it was not until the parties began working on the final pretrial order that they became aware of the USA claim that it had relinquished to RIIS *all* control over the heating plant. Plaintiffs state that they were surprised by and are prejudiced by the amendment, in that this issue was not raised until well after the close of discovery and they have thus been unable to question defense witnesses regarding the degree of control retained by the USA under the contract.

The USA responds that, from the beginning of this case, it has defended by asserting *not* that it had relinquished all control over the building but rather that it had relinquished all control for the operation, maintenance, inspection and repair of the building. This, states the USA, is very different from the proposition asserted by the Plaintiffs.

The USA position with respect to Affirmative Defense 11 is correct. There is no way to interpret that Defense as a relinquishment of any aspect of control other than operation, maintenance, inspection and repair of the building.

The same cannot be said for Defense 3, which contains the ambiguous phrase "relevant portions" and is written in a compound sentence that does not clearly delineate the extent of relinquishment. Based on the USA response, however, I find that the USA is bound by its assertion that this Defense is intended to plead total relinquishment only as to operation, maintenance, inspection and repair of the building. With that interpretation of ambiguity contained in Defense 3, it is not necessary to strike it for this reason.

The USA next asserts that the Plaintiffs asserted a new theory of recovery in their Second

Amended Complaint, filed Nov. 3, 2010, namely a premises liability claim. The new Affirmative Defenses are, according to the USA, a response to that new theory. A review of the pleadings confirms the USA contention: a new theory of liability was asserted in the Plaintiff's most recently-filed Complaint. The Plaintiffs cannot have it both ways. If they intend to proceed on this new theory of liability, then they can only expect new defenses to be raised.

Finally, the USA criticizes the Plaintiffs' assertion that they were surprised by these Defenses. With the limitation noted above, I agree. The pleadings demonstrate that the USA has always defended on the basis that it had delegated the day-to-day operation of the building to RIIS.

Plaintiffs assert in their reply that these affirmative defenses are inconsistent with the USA's admission in its answer to the original complaint that the United States, as owner of the Arsenal, "owed a duty to Plaintiff ... to keep its land, building and working area in a reasonably safe condition." I disagree. They are not inconsistent. One can admit that one has a duty and at the same time argue that the duty was delegated by contract.

For any or all of these reasons, and with the limitation on interpretation noted herein, the motion to strike is DENIED.

ENTERED ON December 21, 2010

                                       s/ John A. Gorman

                                     JOHN A. GORMAN
                             UNITED STATES MAGISTRATE JUDGE